**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>ROBERT KIMMELL,<br><br>　　　　Defendant. | 3:14-cr-00054-RCJ-VPC-1<br><br>**ORDER** |

A grand jury has indicted Defendant Robert Kimmell on two counts of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), two counts of Possession of Stolen Firearms, 18 U.S.C. §§ 922(j) and 924(a)(2), two counts of Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), one count of Possession with Intent to Distribute at Least 50 Grams of Actual Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 21 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i).  Defendant has asked the Court to exclude certain "other acts" evidence and evidence of prior convictions, to suppress statements he made to police on June 11, 2015, and to sever (or bifurcate the trial as to) the felon-in-possession charges.  For the reasons given herein, the Court denies the motion in all respects.

## I. OTHER ACTS EVIDENCE

Defendant asks the Court to exclude any Rule 404(b) "other acts"-type evidence because the Government has not yet given notice that it intends to introduce it, and notice given at this stage would not be "reasonable." *See* Fed. R. Evid. 404(b)(2)(A). Defendant does not argue that he made any request for 404(b)-type evidence and that the Government has ignored it, or that the Government has responded that it does not intend to introduce any such evidence. Defendant himself identifies the 404(b)-type evidence that he suspects the Government intends to introduce: evidence of a high-speed chase leading to Defendant's arrest and evidence of a residential burglary at which one or more of the firearms at issue in this case were stolen. It is therefore clear that Defendant already has notice of the existence of this evidence, and as to formal notice of the Government's intent to introduce it, the Government's response to the present motion is sufficient. Moreover, the challenged evidence is not "other acts" evidence at all but direct evidence of the crimes charged. The Government correctly notes that flight is direct evidence of guilt and knowledge of guilt of the crimes for which the police are attempting to arrest a defendant. *See United States v. Harris*, 792 F.2d 866, 869 (9th Cir. 1986) ("Evidence of flight is generally admissible as evidence of consciousness of guilt and of guilt itself."). The Government also correctly notes that the evidence of the burglary is direct evidence of the possession-of-stolen-firearms offenses, because the fact that a firearm has been stolen is an element of that charge. The Government does not appear to intend to introduce evidence that Defendant committed the burglary himself—which would present a closer question—but only that a burglary occurred during which the weapons were stolen.

## II. EVIDENCE OF PRIOR CONVICTIONS

Federal Rule of Evidence 609 permits the introduction of evidence of certain prior convictions to impeach a witness. Where the witness to be impeached is a defendant in a criminal case, as here, evidence of conviction of a crime punishable by death or more than one year imprisonment must be admitted if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1)(B). Regardless of the punishment, whether the witness is a criminal defendant, and any prejudicial effect, evidence of conviction of a crime that included a dishonest act or false statement must be admitted. Fed. R. Evid. 609(a)(2).

Defendant argues that none of his prior conditions make any fact of consequence to the present charges more or less probable and that the danger of unfair prejudice substantially outweighs the probative value of the evidence. *See* Fed. R. Evid. 401, 403. As to relevance, impeachment by prior conviction is not offered to prove a defendant committed the crimes currently charged.[1] Rather, impeachment by prior conviction is offered to prove that a witness is not credible. Rule 609 essentially creates a conclusive presumption that a witness's prior conviction of the kinds of crimes enumerated therein is relevant to the witness's credibility. A defendant may not therefore invoke Rule 401 to argue that his prior convictions are not relevant to his credibility. As to unfair prejudice, the Court need only consider Rule 609, because that rule also supersedes Rule 403 (at least as to Rule 609(a)(1)-type offenses where the impeachable witness is a criminal defendant) by shifting the burden and imposing a higher bar to admission.

---

1 If Defendant requests a limiting instruction as to evidence of his prior convictions admitted for the purposes of impeachment, he will be entitled to one. *See United States v. Beltran*, 165 F.3d 1266, 1271–72 (9th Cir. 1999).

Whereas Rule 403 requires a defendant to show that the "probative value is substantially outweighed by a danger of . . . unfair prejudice," Rule 609(a)(1)(b) requires the Government to show that "the probative value of the evidence outweighs its prejudicial effect."

Ultimately, Defendant does not identify what his prior convictions are, so the Court cannot make a Rule 609 determination at this time.  The Court therefore denies the motion, subject to objection at the appropriate time at trial.  Moreover, unless Defendant stipulates to the fact of having been convicted of one or more prior felonies, the Court must in this case permit evidence of the fact of his prior convictions not only for impeachment (if Defendant testifies), but also as substantive evidence (whether or not Defendant testifies) to prove the felon-in-possession charges.

### III.    SUPPRESSION OF STATEMENTS

Defendant asks the Court to suppress statements he made to police on June 11, 2015 under *Miranda v. Arizona*, 384 U.S. 436 (1966).

> [A defendant] must be warned prior to any questioning that [1] he has the right to remain silent, [2] that anything he says can be used against him in a court of law, [3] that he has the right to the presence of an attorney, and [4] that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires.  Opportunity to exercise these rights must be afforded to him throughout the interrogation.  After such warnings have been given, and such opportunity afforded him, the individual may knowingly and intelligently waive these rights and agree to answer questions or make a statement.  But unless and until such warnings and waiver are demonstrated by the prosecution at trial, no evidence obtained as a result of interrogation can be used against him.

*Id.* at 479.  A *Miranda* warning need not recite any particular phrases to be sufficient; the warning need only reasonably convey the substance of the four rights.  *Florida v. Powell*, 559 U.S. 50, 60 (2010).  A person is "in custody" for the purposes of *Miranda* if a reasonable person

under the circumstances would not feel free to leave. *See, e.g.*, *United States v. Medina-Villa*, 567 F.3d 507, 519 (9th Cir. 2009). "Interrogation" for the purposes of *Miranda* means questions or comments that are reasonably likely to elicit an incriminating response. *Rhode Island v. Innis*, 446 U.S. 291, 301 (1980). Volunteered statements that are not made in response to interrogation are admissible, however, even when a suspect is in custody and after he invokes his rights. *Klamert v. Cupp*, 437 F.2d 1153, 1154 (9th Cir. 1970) (citing *Miranda*, 384 U.S. at 478).

Defendant argues that Detective Keller of the Sparks Police Department ("SPD") did not give Defendant *Miranda* warnings before beginning interrogation on June 11, 2015. Assuming for the sake of argument that Defendant was in custody during this time, the transcript of the interrogation offered by Defendant himself reveals that the questions asked before *Miranda* warnings were given were not reasonably likely to elicit incriminating responses. The questions concerned Defendant's name, date of birth, age, social security number, height, weight, hair and eye color, residence, phone number, and employment. (Tr. 3:21–6:4, ECF No. 55-1).

Defendant also argues that the warnings eventually given were insufficient under *Miranda*. The warning given was: "You have the right to remain silent. Anything you say could be used against you in court. You have the right to an attorney here present before answering any questions. If you cannot afford an attorney, one would be appointed to you free of charge." (*Id* 6:8–12). This warning was sufficient, and the question is not even close. Also, counsel has breached his duty of candor to the Court by omitting the first line of the warning Keller gave (the right to remain silent) from his quotation of the attached transcript and then arguing that the warning failed to warn Defendant of his right to remain silent. The Court also rejects the

argument that the warning failed to sufficiently advise Defendant that he had a right to an attorney before questioning began, which it plainly did, even according to counsel's own quotation of it. The relevant portion of the transcript, like the relevant portion of counsel's quotation of it, reads, "You have the right to an attorney here present *before* answering any questions. *Id.* (6:9–11 (emphasis added); Mot. 6:18–19, ECF No. 55).

The Court would therefore deny the motion to suppress if Defendant had not withdrawn it via his reply. No evidentiary hearing would be necessary, because the motion fails based on Defendant's own evidence. The Court will not consider Defendant's request to exclude video of the interrogation first made in the reply.

## IV.   SEVERANCE OR BIFURCATION OF CHARGES

Defendant argues that the felon-in-possession charges should be severed or bifurcated lest Defendant be prejudiced as to the charges for which his felon status is not an essential element. The Court has already denied a motion to sever. (*See* Order, ECF No. 48). In Defendant's previous motion, brought against the previous version of the Indictment, he requested severance of the May 21, 2014 felon-in-possession charge from the three June 3, 2014 charges, one of which was also a felon-in-possession charge, arguing that the first charge was not based on the same act or transaction as the other charges and that the first charge and the other charges were not a part of a common scheme or plan. The Court ruled that the two felon-in-possession charges were of a similar character and that all the charges were part of Defendant's alleged drug trafficking operation and were therefore properly joined. The Court found that the additional charges in the Superseding Indictment only further supported joinder.

Defendant did not previously ask the Court to further sever the June 3, 2014 felon-in-possession charge from the other June 3, 2014 charges under Rule 14.  That is, Defendant argued that the joinder of the felon-in-possession charge from May 21, 2014 with the felon-in-possession charge from June 3, 2014 would prejudice Defendant, not that the joinder of any felon-in-possession charge at all with other charges would prejudice Defendant as to the other charges.  Defendant makes the latter argument now, and the Court finds in its discretion that the felon-in-possession charges need not be severed.

The Third Circuit has warned against joining felon-in-possession charges with other charges where evidence of prior felonies would not be admissible if the other charges were tried alone. *United States v. Joshua*, 976 F.2d 844, 847 (3rd Cir. 1992).  Citing that case and others, the Court of Appeals has noted "that the practice of consolidating 'felon in possession charges' without properly safeguarding the defendant from the prejudicial effect of introducing evidence of the prior felony with other unrelated felony charges is not looked upon with favor by this Circuit, or, for that matter, by other Circuits." *United States v. Nguyen*, 88 F.3d 812, 815 (9th Cir. 1996).

> All of the Circuit Courts seem to agree that trying a felon in possession count together with other felony charges creates a very dangerous situation because the jury might improperly consider the evidence of a prior conviction when deliberating about the other felony charges, i.e. convict the defendant because he is a "bad guy" or convict because "he committed a crime before and probably did this one too."  Although no court has adopted a per se rule about how to handle this situation, each Circuit has taken the position that the trial court should do whatever is possible to minimize the chance of prejudice.  As discussed below, various courts have used severance of the counts, bifurcation of the trial to separate the felon in possession count from the other counts, or stipulation to the prior felony so that the jury does not hear about the prior bad act.  It is an uncommon situation where, as occurred in this case, cautionary jury instructions

alone have been considered a sufficient means of shielding the defendant from prejudice.

*Id.* at 815–16 (footnote omitted).  The *Nguyen* court noted that the Court of Appeals had previously reversed the denial of a motion to sever felon-in-possession charges from other charges due to the "high risk of undue prejudice." *Id.* at 816 (citing *United States v. Lewis*, 787 F.2d 1318, 1322 (9th Cir. 1986)).  Although the Court of Appeals does not consider limiting instructions to be insufficient per se to avoid prejudice in such cases, it "remain[s] skeptical" of the employment of limiting instructions in lieu of severance or bifurcation, and "severance or bifurcation is the preferred alternative." *Id.* at 817–18.  The Government notes that the felon-in-possession charges in this case are not unrelated to the other charges.  The Court agrees that the charges are all closely interrelated in this case.

As Judge Gordon recently noted in denying a motion to sever under these circumstances, the Court of Appeals has affirmed denial of severance where the evidence of the other charges is overwhelming, the parties stipulate to prior convictions to avoid the introduction of evidence relating to them, the Government does not address the prior convictions during trial except as necessary to prove the felon-in-possession charge and the trial court limits the evidence accordingly, and where an appropriate limiting instruction is given. *See United States v. Wright*, No. 2:14-cr-357, 2015 WL 4641605, at *1–2 (D. Nev. Aug. 4, 2015) (Gordon, J.) (citing *United States v. Lopez*, 477 F.3d 1110, 1116 (9th Cir. 2007); *United States v. VonWillie*, 59 F.3d 922, 930 (9th Cir. 1995)).  Judge Gordon noted that the issue is more difficult to decide at the pre-trial stage than at the appellate stage, because a trial judge does not know when he rules whether the parties will stipulate to a defendant's felon status or how strong the evidence of the other charges

will be. *Id.* at * 2. Judge Gordon denied the motion to sever, noting that severance would be uneconomical, that the evidence appeared to be strong at that stage, that the charges arose out of the same series of events and included a significant overlap of evidence, that he anticipated a stipulation as to the prior conviction, that he anticipated the Government would not focus on the defendant's felon status, and that he would give a limiting instruction. *Id.* He noted that he might reconsider if the parties failed to stipulate to the prior conviction or the Government indicated that it intended to offer evidence about it. *Id.* The Court finds that the circumstances of the present case as to the strength of the evidence and the relatedness of the charges are similar, as explained in the previous order. The Court agrees with Judge Gordon's approach and therefore denies the motion to sever at this time, with the same caveats.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion in Limine (ECF No. 55) is DENIED.

IT IS SO ORDERED.

Dated this 9th day of November, 2015.

_____
ROBERT C. JONES
United States District Judge