**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>ROBERT KIMMELL,<br><br>     Defendant. | 3:14-cr-00054-RCJ-VPC-1<br><br>**ORDER** |

A grand jury has indicted Defendant Robert Kimmell on two counts of Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) and 924(a)(2), two counts of Possession of Stolen Firearms, 18 U.S.C. §§ 922(j) and 924(a)(2), two counts of Possession with Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1), (b)(1)(C), one count of Possession with Intent to Distribute at Least 50 Grams of Actual Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii), and one count of Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 21 U.S.C. §§ 924(c)(1)(A) and (c)(1)(B)(i).  Defendant has filed six motions.

I.   **MOTION TO DISMISS COUNTS TWO AND SIX**

Defendant asks the Court to dismiss Counts II and VI for Possession of Stolen Firearms under 18 U.S.C. §§ 922(j), 924(a)(2), arguing that the statute is unconstitutionally vague in

violation of the Due Process Clause of the Fifth Amendment.  Defendant notes that although the Superseding Indictment lists the mental states of "knowing" and "reasonable cause to believe" in the conjunctive, the statutory language lists them in the disjunctive and therefore permits a conviction based on either *mens rea*:

> It shall be unlawful for any person to receive, possess, conceal, store, barter, sell, or dispose of any stolen firearm or stolen ammunition, or pledge or accept as security for a loan any stolen firearm or stolen ammunition, which is moving as, which is a part of, which constitutes, or which has been shipped or transported in, interstate or foreign commerce, either before or after it was stolen, knowing or having reasonable cause to believe that the firearm or ammunition was stolen.

18 U.S.C. § 922(j).  The language of the Superseding Indictment is narrower than that of the statute, but this is of no consequence; the broader, disjunctive language of the statute controls at trial.  *See United States v. Urrutia*, 897 F.2d 430, 432 (9th Cir. 1990) ("When a crime is denounced disjunctively in the statute, it may be pled conjunctively in the indictment.  When a statute specifies two or more ways in which an offense may be committed, all may be alleged in the conjunctive in one count and proof of any of those acts conjunctively charged may establish guilt." (citations omitted)).  Defendant therefore attacks the statutory language, taking issue with the alternative mental state of "reasonable cause to believe," which he argues is not a mental state, is not further defined by the statute, and is unconstitutionally vague.  The Court disagrees.  The Court of Appeals has left the relevant statutory language intact without further explanation in its model jury instructions.  *See* 9th Cir. Mod. Crim. J.I. 8.67 (reciting the same relevant language as to offenses under 18 U.S.C. § 922(i)).  Moreover, the Court of Appeals has ruled that identical language in other criminal statutes is not unconstitutionally vague:

> We have previously held that § 841(c)(2) contains a mens rea requirement. *United States v. Johal*, 428 F.3d 823, 827 (9th Cir. 2005). The statute "requires that a defendant subjectively know facts that either cause him or would cause a reasonable person to believe that the ingredients are being used to produce illegal drugs." *Id.* Whether a defendant is guilty of having "reasonable cause to believe" that the pseudoephedrine will be used to produce illicit drugs "turns on *the facts actually known by the defendant* in a particular case." *Id.* at 828. Also, the requirement includes the specification that the defendant had reasonable cause to believe that the chemical he sold "*will be used* to manufacture a controlled substance," § 841(c)(2) (emphasis added); mere probability of use is insufficient. For all these reasons, the statutory "reasonable cause to believe" mens rea standard "limits the likelihood that a defendant will be prosecuted for mere inadvertent conduct and is consistent with the longstanding principle presuming a mens rea requirement for criminal activity." *Johal*, 428 F.3d at 827.
>
> The holding in *Johal* forecasts our decision here, because "a scienter requirement may mitigate a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed." *Vill. of Hoffman Estates*, 455 U.S. at 499, 102 S.Ct. 1186. Significantly, here, a person of ordinary intelligence can base his behavior on his factual knowledge of the situation at hand and thereby avoid violating the law.
>
> "[R]easonable cause to believe" or similar language is found in other statutes. *See Stoianoff v. Montana*, 695 F.2d 1214, 1221–22 & n. 5 (9th Cir. 1983) (regarding "reasonably should know"); *see also United States v. Saffo*, 227 F.3d 1260, 1268 (10th Cir. 2000) (regarding "reasonable cause to believe"); *United States v. Biro*, 143 F.3d 1421, 1430 (11th Cir. 1998) (regarding "reason to know"). These statutes have "repeatedly withstood vagueness challenges." *Wash. Mercantile Assoc. v. Williams*, 733 F.2d 687, 692 (9th Cir. 1984). "[T]he fact that a defendant reasonably should have known something is established in substantially the same manner as actual knowledge." *Stoianoff*, 695 F.2d at 1221. "[R]easonable cause to believe" is therefore substantially similar to knowledge in eliminating vagueness. It is often proven largely through circumstantial evidence and inferences, but what must be proven is not vague.

*United States v. Jae Gab Kim*, 449 F.3d 933, 942–43 (9th Cir. 2006) (footnote omitted). The Court therefore denies the motion to dismiss Counts II and VI.

///

///

## II. MOTION FOR A BILL OF PARTICULARS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged . . . ." Fed. R. Crim. P. 7(c)(1).  If a defendant finds an indictment lacking necessary detail to prepare an adequate defense, he may move for an order directing the prosecution to file a bill of particulars within 14 days of arraignment or at a later time if the court permits. Fed. R. Crim. P. 7(f); *United States v. Grace*, 401 F. Supp. 2d 1103, 1106 (D. Mont. 1987).  A bill of particulars serves three functions:

> to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes.

*Id.* (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979) (citations omitted)); *accord United States v. Mitchell*, 744 F.2d 701, 705 (9th Cir. 1984).  A bill of particulars is not intended to serve as a vehicle for obtaining discovery; consequently, full discovery obviates a need for a bill of particulars. *Grace*, 401 F. Supp. 2d at 1106 (citing *Giese*, 597 F.2d at 1180). Additionally, a bill of particulars should not be used to force the Government to disclose all the evidence it intends to produce in support of its theory of the case. *Id.* at 1106.  In other words, the Government is only required to provide its theory of the case, not the details of how the case will be proved. *Id.*; *United States v. Kendall*, 665 F.2d 126, 135 (9th Cir. 1981).

To determine whether a defendant has received fair notice of the charges against him, the court must consider the indictment and other disclosures. *Grace*, 401 F. Supp. 2d at 1106 (citing *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983)).  If the indictment or information

itself provides details of the offense, a bill of particulars is unnecessary. *Calderon v. Prunty*, 59 F.3d 1005, 1009 (9th Cir. 1995); *Giese*, 597 F.2d at 1180.  Within the Ninth Circuit, the use of a "bare bones" information employing the statutory language alone is permissible, so long as the statute clearly sets forth all essential elements of the charged offense. *United States v. Crow*, 824 F.2d 761, 762 (9th Cir. 1987) (noting that while the information lacked particulars, it provided the notice that the defendant's conduct was penal); *United States v. Woodruff*, 50 F.3d 673, 676 (9th Cir. 1995).

The Court denies the motion.  The motion is five months late and was filed just six weeks before trial and after discovery has been had.  The Government is correct that the Superseding Indictment employing the statutory language is sufficient and that the motion is frivolous.

**III.   RENEWED MOTION TO SEVER**

First, Defendant asked the Court to sever the May 21, 2014 felon-in-possession charge from the three June 3, 2014 charges, one of which was also a felon-in-possession charge, arguing that the first charge was not based on the same act or transaction as the other charges and that the first charge and the other charges were not a part of a common scheme or plan.  The Court ruled that the two felon-in-possession charges were of a similar character and that all the charges were part of Defendant's alleged drug trafficking operation and were therefore properly joined.  The Court found that the additional charges in the Superseding Indictment only further supported joinder.

Second, Defendant more recently asked the Court to sever the June 3, 2014 felon-in-possession charge from the other June 3, 2014 charges.  Defendant argued that the joinder of any

felon-in-possession charge with other charges would prejudice Defendant as to the other charges. The Court denied the motion, with several caveats.

Now, Defendant has renewed his first motion to sever, as modified due to the Superseding Indictment, asking the Court to sever the May 21, 2014 charges (Counts I through IV) from the June 3, 2014 charges (Counts V through VII).  The Court declines to reconsider. The four new counts in the Superseding Indictment are just as related to the common scheme or plan (the drug trafficking operation) as are the four counts in the original Indictment.

### IV.     MOTION TO REVEAL AND PRODUCE CONFIDENTIAL INFORMANT

An informant's identity must be revealed when his testimony would be relevant and helpful to the defense and disclosure outweighs the Government's interest in protecting the informant. *Rovario v. United States*, 353 U.S. 53, 59–61 (1957).  Defendant asks the Court to order the Government to reveal and produce prior to trial the confidential informant ("CI") who informed Detective Pleich that Defendant was storing methamphetamine and firearms in a storage unit in Sparks.  Defendant argues that he is skeptical of Pleich's claims that he discovered the storage unit with that small amount of information and wishes to investigate further.

The Government argues that all the CI knew was that Defendant was storing drugs and weapons in a storage unit somewhere in Sparks, and that the CI was neither a participant in the crimes nor even a percipient witness to them.  The Government is correct that the cases Defendant cites involve CIs who participate in offenses and even induce Defendants to participate, often undercover agents.  Defendant has made no showing that pre-trial disclosure of

the CI's identity would be helpful to the defense in this case. The Court perceives no need for disclosure in this case.

### V. MOTION IN LIMINE

A motion in limine is a procedural device to obtain an early and preliminary ruling on the admissibility of evidence. Black's Law Dictionary defines it as "[a] pretrial request that certain inadmissible evidence not be referred to or offered at trial. Typically, a party makes this motion when it believes that mere mention of the evidence during trial would be highly prejudicial and could not be remedied by an instruction to disregard." Black's Law Dictionary 1171 (10th ed. 2014). Although the Federal Rules of Evidence do not explicitly authorize a motion in limine, the Supreme Court has held that trial judges are authorized to rule on motions in limine pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) (citing Fed. R. Evid. 103(c) (providing that trial should be conducted so as to "prevent inadmissible evidence from being suggested to the jury by any means")).

Judges have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, a motion in limine should not be used to resolve factual disputes or weigh evidence. *See C&E Servs., Inc., v. Ashland, Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008). To exclude evidence on a motion in limine "the evidence must be inadmissible on all potential grounds." *E.g.*, *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.

1398, 1400 (N.D. Ill. 1993).  This is because although rulings on motions in limine may save "time, costs, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1219 (D. Kan. 2007).

In limine rulings are preliminary and therefore "are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846.

Defendant first asks the Court to prohibit the introduction of certain evidence as unfairly prejudicial, particular evidence concerning tattoos, gang membership, and gang monikers. *See* Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").  The Government responds that it does not intend to introduce any gang-type evidence but that it does intend to introduce photographs of Defendant (which include his tattoos) found in the living room at 1450 Bresson Ave. as evidence that he was residing there.  The Court finds that this evidence does not at this point appear to be more prejudicial than probative, as Defendant's residence is likely relevant to the possession charges.  Defendant

offers no more particularized objections, and the Court will not exclude any broad categories of evidence without the context of trial.

Next, Defendant asks the Court to preclude law enforcement witnesses from testifying as to "drug courier profiles," the practices of drug dealers, and other characteristics of the Defendant. The Government responds that it does not intend to offer "drug courier profile" evidence but that it does intend to ask law enforcement witnesses about evidence recovered from Defendant's residence and storage unit and whether those items or other facts, alone or in combination, indicated drug trafficking. That kind of evidence is clearly relevant to the drug trafficking charges and is only "prejudicial" precisely because of its probity, which means it is not unfairly prejudicial. No particular witness's expertise, nor the admissibility of any particular testimony as expert or lay opinion, has been attacked under the rules, but Defendant has simply identified cases touching on the subject.

## VI.   MOTION TO COMPEL

Defendant asks the Court to compel the production of 25 categories of discovery. The Government addresses each category in turn and claims to have produced most of the requested material, has some material available for inspection at Defendant's counsel's request, and will provide other discoverable material as received. The Government has confirmed that there is no further *Brady*, *Henthorn*, or *Giglio* material to disclose. The Government has indicated it will comply with 18 U.S.C. § 3500 as to disclosure of Government witness statements after any such witnesses have testified on direct examination. The Court will not compel discovery of broad categories of evidence without some indication that discoverable material is being withheld.

**CONCLUSION**

IT IS HEREBY ORDERED that the Motions (ECF Nos. 68–73) are DENIED.

IT IS SO ORDERED.

DATED: This 3rd day of December, 2015.

_____
ROBERT C. JONES
United States District Judge